UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES ) | |
| ) | Cr. 07-348 |
| v. ) | |
| ) | Let this be filed. |
| JOSEPH A. COVELLI ) | |
| ) | Royce C. Lamberth |
| Defendant. ) | U.S.D.J. 1/4/08 |

STATEMENT OF OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant JOSEPH A. COVELLI ("COVELLI") agrees and stipulates as follows:

### Count I – Fraud and related activity in connection with computers
### (18 U.S.C. § 1030(a)(4))

1. In June 2003, COVELLI began working as a customer service representative for Commerce Bank at the bank's branch located at 1753 Connecticut Ave., NW, Washington, DC 20009. COVELLI was promoted to weekend supervisor in June 2005, and in September 2006, COVELLI was promoted to the position of assistant branch manager. As the assistant branch manager, COVELLI was responsible for all internal branch operations.

2. On or about February 3-4, 2007, COVELLI traveled to Atlantic City, New Jersey ("Atlantic City") to gamble. COVELLI lost several thousand dollars on this gambling trip, including $25,716.49 that he withdrew from his personal bank account at Commerce Bank. COVELLI made these withdrawals from his personal bank account on February 4, 2007 (a Sunday), and thus was aware that the transactions would not post to his account until at the earliest when the bank reopened on February 5, 2007 (a Monday).

3. To withdraw the $25,716.49 from his account, COVELLI relied on a temporary, internal credit to his account that a Commerce Bank employee made available to him. Since the credit was

temporary, COVELLI risked overdrawing his account if he withdrew money based on the credit and failed to make an actual deposit before the credit expired.

  4. On February 5, 2007, COVELLI went to Commerce Bank at 1753 Connecticut Ave., NW, Washington, DC 20009 to report for work. At approximately 1:51 pm, COVELLI (with the assistance of a coworker) used a computer belonging to Commerce Bank to make an unauthorized and false deposit of $50,000 to his personal bank account at Commerce Bank. COVELLI made the false deposit to cover the $25,716.49 in withdrawals that he made on February 4, 2007. The false deposit was made at one of the teller stations at the Commerce Bank where COVELLI served as the assistant branch manager.

  5. At approximately 4:43 pm on February 5, 2007, COVELLI asked a co-worker to complete a paper-only withdrawal of $20,000 from his personal bank account. This transaction, for which COVELLI did not actually receive cash or currency, had the effect of reducing the balance of the false deposit in COVELLI's account from $50,000 to $30,000.

  6. While in Atlantic City on February 5, 2007, COVELLI made two ATM withdrawals from his personal bank account with Commerce Bank, totaling $9,908. To complete these transactions, COVELLI relied on the false $50,000 deposit that he made earlier in the day.

  7. COVELLI gambled for several hours in Atlantic City, won $75,000, and left the casino after tipping the dealer $2000. At approximately 8:00 am on February 6, 2007, COVELLI went to an Atlantic City branch of Commerce Bank and deposited $73,000 into his personal bank account.

8. In the evening on February 6, 2007, employees at the Commerce Bank branch where COVELLI worked determined that the bank vault was short by $50,000.[1] The employees determined that the deficit resulted from the false deposit that COVELLI made on February 5, 2007. Accordingly, the employees withdrew $50,000 from COVELLI's personal bank account, and returned the money to Commerce Bank (thereby balancing the vault).[2] These employees did not benefit from COVELLI's $50,000 false deposit or from the gambling winnings that COVELLI generated by using the money that he withdrew from his account based on the false deposit.

9. Beginning on or about February 5, 2007, through on or about February 6, 2007, in the District of Columbia and elsewhere, JOSEPH A. COVELLI , did knowingly and with intent to defraud, access a protected computer (a computer exclusively for the use of Commerce Bank, a financial institution covered by 18 U.S.C. § 1030(e)(2)(A)) without authorization, or beyond authorized access, and by means of such conduct furthered the intended fraud and obtained something of over $5,000 in value.

---

[1] The bank vault was short $30,000 on February 5, 2007. It is not clear how that deficit was resolved at the close of business on February 5, 2007.

[2] The parties agree that while the loss figure for sentencing guidelines purposes is between $5,000 and $10,000 (intended loss, based on $9,908 in ATM withdrawals that Covelli made that relied on the false bank deposit), the actual loss (and restitution amount) is $0 because the bank recovered any lost funds from Covelli's bank account after he deposited $73,000 in gambling winnings.

**DEFENDANT'S ACCEPTANCE**

I have read every word of this four page Statement of Offense. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and after consulting with my attorney, I agree and stipulate to this Statement of Offense.

Date: _1/4/2008_                                   _[signature]_
                                                   Joseph A. Covelli
                                                   Defendant

I have fully discussed this Statement of Offense with my client, Mr. Covelli. I concur with his decision to stipulate to this Statement of Offense.

Date: _1/4/08_                                     _[signature]_
                                                   Pamela Stuart, Esq.
                                                   Counsel for Defendant