UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | CR 07-348 (RCL) |
| ) | |
| JOSEPH A. COVELLI ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits its memorandum in aid of sentencing. Under the terms of the plea agreement, the parties have agreed that Defendant Joseph A. Covelli's ("Defendant") sentencing guidelines offense level is 8, which yields a Zone A sentence of 0-6 months. Defendant is eligible for a sentence of probation under the sentencing guidelines, and the United States does not oppose such a sentence.

I. Factual Background

Defendant agreed to the following facts in his signed statement of offense and at the plea hearing held on January 4, 2008:

In June 2003, Defendant began working as a customer service representative for Commerce Bank at the bank's branch located at 1753 Connecticut Ave., NW, Washington, DC 20009. Defendant was promoted to weekend supervisor in June 2005, and in September 2006, Defendant was promoted to the position of assistant branch manager. As the assistant branch manager, Defendant was responsible for all internal branch operations.

On or about February 3-4, 2007, Defendant traveled to Atlantic City, New Jersey

(Atlantic City") to gamble. Defendant lost several thousand dollars on this gambling trip, including $25,716.49 that he withdrew from his personal bank account at Commerce Bank. Defendant made these withdrawals from his personal bank account on February 4, 2007 (a Sunday), and thus was aware that the transactions would not post to his account until at the earliest when the bank reopened on February 5, 2007 (a Monday).

To withdraw the $25,716.49 from his account, Defendant relied on a temporary, internal credit to his account that a Commerce Bank employee made available to him. Since the credit was temporary, Defendant risked overdrawing his account if he withdrew money based on the credit and failed to make an actual deposit before the credit expired.

On February 5, 2007, Defendant went to Commerce Bank at 1753 Connecticut Ave., NW, Washington, DC 20009 to report for work. At approximately 1:51 pm, Defendant (with the assistance of a coworker) used a computer belonging to Commerce Bank to make an unauthorized and false deposit of $50,000 to his personal bank account at Commerce Bank. Defendant made the false deposit to cover the $25,716.49 in withdrawals that he made on February 4, 2007. The false deposit was made at one of the teller stations at the Commerce Bank where Defendant served as the assistant branch manager.

At approximately 4:43 pm on February 5, 2007, Defendant asked a co-worker to complete a paper-only withdrawal of $20,000 from his personal bank account. This transaction, for which Defendant did not actually receive cash or currency, had the effect of reducing the balance of the false deposit in Defendant's account from $50,000 to $30,000.

While in Atlantic City on February 5, 2007, Defendant made two ATM withdrawals from his personal bank account with Commerce Bank, totaling $9,908. To complete these

transactions, Defendant relied on the false $50,000 deposit that he made earlier in the day.

Defendant gambled for several hours in Atlantic City, won $75,000, and left the casino after tipping the dealer $2000. At approximately 8:00 am on February 6, 2007, Defendant went to an Atlantic City branch of Commerce Bank and deposited $73,000 into his personal bank account.

In the evening on February 6, 2007, employees at the Commerce Bank branch where Defendant worked determined that the bank vault was short by $50,000.[1] The employees determined that the deficit resulted from the false deposit that Defendant made on February 5, 2007. Accordingly, the employees withdrew $50,000 from Defendant's personal bank account, and returned the money to Commerce Bank (thereby balancing the vault).[2] These employees did not benefit from Defendant's $50,000 false deposit or from the gambling winnings that Defendant generated by using the money that he withdrew from his account based on the false deposit.

II. Sentencing Considerations

Based on the information available to the United States, it appears that before taking up gambling and committing the crime in this case, Defendant was nearly at the point of enjoying the rewards of his efforts to graduate from college and begin a career in the financial and banking

---

[1] The bank vault was short $30,000 on February 5, 2007. It is not clear how that deficit was resolved at the close of business on February 5, 2007.

[2] The parties agree that while the loss figure for sentencing guidelines purposes is between $5,000 and $10,000 (intended loss, based on $9,908 in ATM withdrawals that Defendant made that relied on the false bank deposit), the actual loss (and restitution amount) is $0 because the bank recovered any lost funds from Defendant's bank account after he deposited $73,000 in gambling winnings.

industry. Given that fact, it is difficult to understand how and why Defendant veered off course, accumulated substantial gambling debt, and ultimately committed the crime in this case of fraud and related activity in connection with computers. While Defendant's crime has some markers of a crime of opportunity that was motivated by his affinity for (if not an addiction to) gambling, it was also a crime that required some coordination and planning, and was facilitated by Defendant's abuse of his position of trust as an assistant branch manager. It was only sheer luck in the casinos that saved Defendant from losing thousands of dollars of the bank's money during his trip to Atlantic City.

To be sure, there are mitigating factors that the Court should consider in fashioning an appropriate sentence. Defendant admitted to his crime when he was approached by law enforcement personnel, and elected to enter a pre-indictment plea of guilty to resolve this matter. Defendant is also already paying a price for his misconduct, as in addition to now being a convicted felon (which may limit his employment opportunities in the financial industry), Defendant is saddled with thousands of dollars in debt as a result of various gambling losses.

When fashioning an appropriate sentence, the Court should consider the factors set forth in 18 U.S.C. § 3553(a). As described herein, Defendant committed a serious crime. However, he has a limited criminal history and does not appear to be at high risk of recidivism (though it may be appropriate for Defendant to obtain formal counseling concerning his history with gambling). He has accepted responsibility for his actions and appears genuinely remorseful. Under these circumstances, the United States does not oppose a sentence of probation, which is within the applicable sentencing guidelines range. The United States also requests that the Court, as part of its sentence, impose a fine within the range recommended by the sentencing guidelines.

III. <u>Restitution</u>

     The parties have agreed that Defendant does not owe any restitution based on the facts of this case.

                                          Respectfully submitted,

                                          JEFFREY A. TAYLOR
                                          UNITED STATES ATTORNEY
                                          D.C. BAR # 498610

By:          /s/
                                          GEOFFREY L.J. CARTER (D.C. BAR # 460 971)
                                          ASSISTANT U.S. ATTORNEY
                                          Fraud and Public Corruption Section
                                          555 4th Street, N.W., Room 5233
                                          Washington, D.C. 20530
                                          geoffrey.carter2@usdoj.gov
                                          (202) 353-2457
                                          (202) 307-2304 (fax)

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 26th day of February, 2008, a copy of the foregoing pleading was served via the United States District Court's Electronic Case Filing program to counsel for Defendant, Pamela Stuart, Esq., 1750 N St., NW, Washington, DC 20036; pamstuart@aol.com.

        /s/ Geoffrey Carter
        ASSISTANT UNITED STATES ATTORNEY